# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

| | | |
|---|---|---|
| CRISS DUNCAN | ) | |
| | ) | |
| v. | ) | NO. 3:08-CV-352 |
| | ) | (3:03-CR-57) |
| UNITED STATES OF AMERICA. | ) | |

## OPINION AND ORDER

This matter is before the Court on the Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (DE # 228) filed by Petitioner, Criss Duncan, on July 29, 2008. For the reasons set forth below, this motion is **DENIED**. The Clerk is **ORDERED** to distribute a copy of this Order to Criss Duncan (Prisoner No. 07618-027) FCI TERRE HAUTE, Federal Correctional Institution, P.O. BOX 33, Terre Haute, IN 47808, or to such other more current address that may be on file for the Petitioner.

BACKGROUND

On June 12, 2003, a grand jury returned a two count indictment against Duncan charging him with violations of 18 U.S.C. § 2133(a) and (d) and 18 U.S.C. § 924(c) for the robbery of the National City Bank in Leesburg, Indiana on May 27, 2003. On October 9, 2003, the grand jury returned a six count Superceding Indictment against Duncan adding counts relating to a November 2002 bank robbery.

After a trial, on December 8, 2003, a jury convicted Duncan on those counts relating to the National City robbery. The jury was unable to reach a verdict on the November 2002 robbery and those counts were dismissed.

On March 26, 2004, Duncan was sentenced to a term of 457 months. The District Court determined that Duncan's applicable sentencing guideline range was 457-481 months. This was calculated by combining the range for conviction of 18 U.S.C. § 2133(a) and (d) with the 30 year minimum consecutive sentence for use of a machine gun during a bank robbery under § 924(c)(1)(B). Duncan objected to the presentence investigation report arguing that the evidence did not reflect the use of a machine gun. The Court, however, after reviewing the evidence, found that Duncan's rifle used during the robbery qualified as a machine gun under 18 U.S.C. § 921.

On April 1, 2004, Duncan filed a notice of appeal. He argued to the Seventh Circuit that there was insufficient proof that the firearm used by him during the National City robbery was fully automatic. He also challenged the constitutionality of his sentence:

> Mr. Duncan contends that his sentence violates his Sixth Amendment rights as interpreted by the Supreme Court in *Booker* and in *Blakely*. Specifically, he claims that he is entitled to resentencing because his sentence relies in part upon the district court's finding as to what type of firearm he used during the robbery of National City Bank, a fact that was not proven to a jury beyond a reasonable doubt nor admitted by him.

2

*U.S. v. Duncan*, 413 F.3d 680, 682-83 (7th Cir. 2005) (internal citations omitted). The Court of Appeals for the Seventh Circuit found no error with the judicial fact finding that led to the imposition of the mandatory 30 year prison term. *Id.* at 683-84. The case was, however, remanded in accordance with *U.S. v. Paladino*, 410 F.3d 471, 483-84 (7th Cir. 2005). *Id.* at 684-85.

A *Paladino* hearing was held on August 5, 2005. The District Court resentenced Duncan to a term of 360 months rather than reporting to the Court of Appeals whether it would have imposed the same sentence had it known that the United States Sentencing Guidelines were advisory. The government filed a Notice of Appeal claiming that the 360 month sentence was illegal and without jurisdiction. On October 21, 2005, the Seventh Circuit vacated the 360 month sentence and remanded for resentencing. *U.S. v. Duncan*, 427 F.3d 464, 465 (7th Cir. 2005.) Duncan was sentenced to a term of 457 months on December 7, 2005.

In the currently pending motion, Duncan alleges two instances of ineffective assistance of counsel. First, Duncan claims that section 924(c)(1)(B) is an element of a separate criminal offense rather an a sentencing factor for 18 U.S.C. § 924(c)(1)(A). (Memorandum in Support of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("Brief") (DE # 228-2) at 4, 10-12.) According to Duncan, because of this, counsel was ineffective for not "objecting" or "investigating" the

"enhancement of an unproven 924(c)" and for not asking for a jury trial to prove the gun type. (*Id*.) According to Duncan, he was prejudiced by counsel's errors because the jury could not find beyond a reasonable doubt that he used a fully automatic weapon, which would decrease his sentence by 25 years. (*Id.* at 10, 14, 34.)

Second, Duncan claims that his lawyer was ineffective for not objecting after the ruling of *U.S. v. Booker*, 543 U.S. 220 (2005). (*Id*. at 4.) According to Duncan, after *Booker*, sentencing courts may ignore mandatory statutory language. (*Id.* at 17.)

DISCUSSION

Relief under 28 U.S.C. § 2255 is limited to situations where a federal criminal defendant's conviction or sentence is based on "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect, which inherently results in a complete miscarriage of justice." *Bischel v. U.S.*, 32 F.3d 259, 263 (7th Cir. 1994) (quotations omitted). If the court finds that any such error occurred, it will "vacate, set aside or correct the sentence." 28 U.S.C. § 2255. A court may deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Here, because the motion, files, and records in this case conclusively demonstrate that

4

Duncan is not entitled to relief, the Court declines to hold an evidentiary hearing.

Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, Duncan must show that his attorney's performance fell below an objective standard of reasonableness and that but for counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). In making the performance determination, a reviewing court should consider the reasonableness of counsel's conduct, viewed at the time of the conduct, and with a strong presumption that any decisions by counsel fall within a wide range of reasonable trial strategies. *Id.* at 689-90. With regard to prejudice, the defendant must demonstrate a reasonable probability that counsel's deficient performance actually prejudiced him. *Id.* at 694. Mere conclusory allegations are insufficient to show prejudice. *U.S. v. Limehouse*, 950 F.2d 501, 503 (7th Cir. 1991).

First, Duncan's claim that his counsel was ineffective because he failed to object to the judge determining the gun type is without merit.[1] At the time of Duncan's initial sentencing, this

---

[1] To the extent Duncan "seeks review" of whether gun type is a sentencing factor (Brief at 4), this Court is bound by the Seventh Circuit's holding on Duncan's appeal. *See, e.g.*, *Fuller v. United States*, 398 F.3d 644, 648 (7th Cir. 2005).

5

argument was clearly foreclosed by Supreme Court precedent, *i.e.*, *Harris v. U.S.*, which permitted mandatory minimum sentences based upon judicial fact finding. *See Harris v. U.S.*, 536 U.S. 545, 550, 566-67 (2002). In light of this precedent, it would have been frivolous to pursue the argument Duncan proposes. *See, e.g., U.S. v. Souffront*, 338 F.3d 809, 827 (7th Cir. 2003)("Defendants' position is without merit and we hope that future defendants will refrain from presenting such frivolous arguments supported by absolutely no authority and contrary to clearly-stated precedent."). Accordingly, Duncan fails to show ineffective assistance of counsel on this issue because there is no evidence that his counsel's performance fell below an objective standard of reasonableness for choosing not to make a frivolous argument. *See U.S. v. Rezin*, 322 F.3d 443, 446 (7th Cir. 2003). Nor can he or has he shown any reasonable probability that pursuing a frivolous argument would have resulted in a more favorable sentence. *Id*.[2]

Even if Duncan's argument were not frivolous, however, Duncan cannot show prejudice from counsel's failure to object to the judge determining the gun type. In this case, the Seventh Circuit already decided on appeal that gun type is a sentencing factor and that the judge did not err in finding that Duncan used a machine gun.

---

[2] Notably too, to the extent cases decided after Duncan's initial sentencing could have been interpreted to undermine the reasoning in *Harris*, counsel is not ineffective for failing to anticipate a change in the law. *Fuller*, 398 F.3d at 651 n. 4.

*Duncan*, 413 F.3d at 683-84. Duncan fails to explain why the outcome would have been different had his counsel objected sooner. Without more, Duncan has failed to show a reasonable probability that counsel's deficient performance actually prejudiced him. And, for this additional reason, Duncan has failed to establish ineffective assistance of counsel on this issue.

Second, Duncan's claim that his counsel was ineffective for failing to object after *Booker* because *Booker* allows sentencing courts to ignore mandatory statutory language is similarly without merit. "Nothing in *Booker* gives a judge any discretion to disregard a mandatory minimum." *U.S. v. Lee*, 399 F.3d 864, 866 (7th Cir. 2005). It would have been frivolous for counsel to argue otherwise. *See U.S. v. Ochoa*, 301 Fed.Appx. 532, (7th Cir. 2007)("And because *Booker* does not permit district courts to disregard mandatory minimum sentences, *see United States v. Miller*, 450 F.3d 270, 275 (7th Cir.2006), it would be frivolous for Mr. Ochoa to argue that it was unreasonable for the court to impose the mandatory consecutive 60-month term."). Therefore, Duncan cannot show that his counsel's performance fell below an objective standard of reasonableness for choosing not to make a frivolous argument. *See Rezin*, 322 F.3d at 446. Nor can he show any reasonable probability that this frivolous argument would have resulted in a more favorable sentence. *Id.*

7

For the reasons set forth above, Duncan has failed to show ineffective assistance of counsel. Accordingly, his motion (DE # 228) is **DENIED**. The Clerk is **ORDERED** to distribute a copy of this Order to Criss Duncan (Prisoner No. 07618-027) FCI TERRE HAUTE, Federal Correctional Institution, P.O. BOX 33, Terre Haute, IN 47808, or to such other more current address that may be on file for the Petitioner.

**DATED: January 25, 2010**                      **/s/ RUDY LOZANO, Judge**
                                                                                              **United States District Court**